NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS OSIRIS BEDOLLA-BAUTISTA, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 23-2607 Agency No. A200-006-205 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2024[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and BRESS, Circuit Judges.

Jesus Osiris Bedolla-Bautista, a native and citizen of Mexico, petitions for

review of a decision by the Board of Immigration Appeals (BIA) dismissing his

appeal from an Immigration Judge (IJ) order denying his applications for

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

withholding of removal and protection under the Convention Against Torture (CAT). We review the BIA's decision for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citation omitted). "Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decision." *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (internal quotation marks and alterations omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. To establish eligibility for withholding of removal, Bedolla-Bautista must show "that it is more likely than not" that he will be persecuted if returned to Mexico "because of" his membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3)(A). To meet his burden, Bedolla-Bautista must "demonstrate a nexus between the harm he allegedly faces upon return to [Mexico] and a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). Bedolla-Bautista can establish this nexus by showing that a protected ground was "a reason" for his past or feared harm. *Barajas-Romero*, 846 F.3d at 360.

Substantial evidence supports the denial of withholding of removal. *First*,

substantial evidence supports the agency's determination that Bedolla-Bautista's past harm in Mexico did not rise to the level of persecution. "'Persecution,' we have repeatedly held, 'is an extreme concept that means something considerably more than discrimination or harassment.'" *Sharma*, 9 F.4th at 1060 (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)). Here, Bedolla-Bautista was not physically harmed in Mexico. And the threats that he and his family experienced, while unfortunate, were not acted upon. *See Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021) ("Unfulfilled threats are very rarely sufficient to rise to the level of persecution . . . .").

*Second*, substantial evidence supports the agency's determination that Bedolla-Bautista has not met the nexus requirement. The agency's conclusion that Bedolla-Bautista and his family were the victims of general crime, motivated by financial gain, is a permissible reading of the record evidence. *See Zetino*, 622 F.3d at 1016 (holding that a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Bedolla-Bautista himself testified that he was extorted by police because of his perceived wealth, and that his stepfather was threatened by the cartels because "[h]e owned a large avocado farm" that made them "a wealthy family." Under these circumstances, "nothing compels the conclusion that the [cartels and police] in this case w[ere] motivated by anything other than underlying economic reasons . . . ."

*Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1022 (9th Cir. 2023). As for Bedolla-Bautista's claim that he would be persecuted on account of his status as a landowner or heir to his stepfather's avocado farm, substantial evidence supports the agency's determination that Bedolla-Bautista is not a member of these groups.

*Third*, substantial evidence supports the agency's determination that Bedolla-Bautista could safely relocate in Mexico to avoid any harm. *See generally* 8 C.F.R. § 1208.16(b)(2). Although Bedolla-Bautista argues that gang activity and corruption are prevalent in Tijuana and Michoacan, he does not demonstrate error in the agency's conclusion that he could safely relocate elsewhere in Mexico. *Cf. Hussain*, 985 F.3d at 648 ("Relocation is generally not unreasonable solely because the country at large is subject to generalized violence.").

2. Substantial evidence likewise supports the denial of CAT relief. "'The Convention Against Torture provides mandatory relief for any immigrant who can demonstrate that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024) (quoting *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200–01 (9th Cir. 2023)); *see also* 8 C.F.R. § 1208.16(c)(2). "To constitute torture, an act must inflict 'severe pain or suffering,' and it must be undertaken 'at the instigation of, or with the consent or acquiescence of, a public official.'" *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)).

Bedolla-Bautista did not experience past torture in Mexico. And substantial evidence supports the BIA's determination that Bedolla-Bautista's fear of future torture is based only on generalized conditions, and that he has not shown a particularized risk of torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) ("[T]he petitioner must demonstrate that he would be subject to a '*particularized* threat of torture . . . .'" (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004))). Bedolla-Bautista's arguments that the Mexican police are ineffective in controlling the cartels do not address the BIA's finding that Bedolla-Bautista failed to show a particularized risk of torture. The record does not compel a contrary conclusion.

**PETITION DENIED.**[1]

---

[1] Bedolla-Bautista's motion to stay removal, Dkt. 3, is denied. The temporary stay of removal shall remain in place until the mandate issues.